1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J.G., by and through his parents and guardians,
C.G. and L.R.,

          Plaintiffs,

     v.

THE BOEING COMPANY MASTER
WELFARE PLAN, *et al*.,

          Defendants.

Cause No. C20-1510RSL

ORDER GRANTING
PLAINTIFFS' CROSS-
MOTION FOR SUMMARY
JUDGMENT

      This matter comes before the Court on "Defendants' Motion for Summary Judgment"
(Dkt. # 24) and "Plaintiffs' Cross Motion for Summary Judgment" (Dkt. # 30). Most of the
relevant facts are undisputed. Plaintiff J.G. is a beneficiary under The Boeing Company Master
Welfare Plan ("the Plan") with a significant history of depression, anxiety, and substance abuse.
He seeks coverage for expenses paid to Evoke at Cascades, a licensed wilderness therapy
program. The claim was denied with the unhelpful explanation that "[t]his service is excluded
under your Health Care Plan. Please refer to your benefit booklet for specific coverage
information and exclusions under your contract." Dkt. # 23-1 at 6-11. When plaintiffs appealed,
stating that they could find no justification for the denial in the plan, defendants affirmed the
denial and quoted various provisions of a "Boeing Advantage+ Health Plan Supplement" (some

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 1

of which have no discernable relation to this case). Dkt. # 23-3 at 93-96. Defendants did not specifically identify the reason for the denial or make any attempt to apply the Plan provisions to the facts of this case.

During a second-level administrative appeal, J.G.'s parents argued that defendants had hidden or failed to disclose the health plan supplement on which they relied when denying the claim and that, even if the supplement were part of the plan, Evoke at Cascades is licensed by the State of Oregon to provide mental health services and therefore meets all of the plan's requirements for coverage. Dkt. # 23-3 at 80-81. Plaintiffs further asserted that defendants had no basis on which to find that any of the exclusions quoted in the denial letters applied. Defendants disagreed, finding that the claimed treatment was not covered by the Plan because a non-licensed provider rendered the services at issue.[1] Defendants contacted the Oregon Health Authority and confirmed that Evoke at Cascades is licensed as a child care agency, not a psychiatric residential treatment facility, before denying the claim. Dkt. # 23-3 at 8-9. *See also* Dkt. # 23-4 at 76 (Department of Human Services License #0241 authorizing Evoke at Cascades to "provide the following types of child care: Outdoor Youth Program at 20332 Empire Ave F7, Bend, OR; male and female; ages 13-20 years; capacity 36"). Plaintiffs timely filed this civil action under the Employee Retirement Income Security Act of 1974 ("ERISA") to obtain benefits under the plan.

---

[1] Despite defendants' assertion to the contrary, this explanation/justification for the original and first-level denials was not set forth in the prior denial letters, although the relevant provision of the policy was quoted (along with a number of other provisions). Dkt. # 23-3 at 9.

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 2

1

**A. Relevant Plan Provisions**

2

3

    The benefits plan under which plaintiffs seek reimbursement covers mental health

4

treatment under the following conditions: (1) the treatment must be medically necessary and

5

(2) the treatment must be received from an eligible provider. Dkt. # 23-5 at 21.[2] Eligible

6

providers include any licensed "treatment facility (as determined by the state agency that

7

licenses mental health and/or substance use disorder treatment facilities)." *Id.* The plan then

8

9

excludes from coverage certain services and supplies, including, "[s]ervices received from a

10

provider that does not meet the licensing (or certification, as applicable) requirements of a

11

12

provider of the specific service." Dkt. # 23-5 at 24.[3]

13

**B. ERISA Standard of Review**

14

    When an ERISA plan unambiguously confers discretion on the administrator "to

15

16

determine eligibility for benefits or to construe the terms of the plan," the Court reviews the

17

administrator's decision for an abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489

18

U.S. 101, 115 (1989). *See also Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir.

19

1999) (*en banc*). Plaintiffs do not dispute that defendant Blue Cross Blue Shield of Illinois

20

21

("BCBSIL") had discretionary authority to interpret the plan and make benefits determinations.

22

23

---

23

    [2] Defendants have specifically disclaimed any reliance on the "medical necessity" requirement of
the plan when denying the claim for benefits. Dkt. # 23-3 at 9.

25

26

    [3] The plan also excludes from coverage "[e]ducation, special education, or job training, whether
or not from a facility that also provides medical or psychiatric care" and "[w]ilderness programs" (Dkt.
# 23-5 at 23-24), provisions which defendants quoted in their first-level denial letter but on which they
ultimately did not rely when denying coverage.

27

28

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 3

They argue, however, that the default *de novo* standard of review should apply because defendants made various procedural errors in evaluating and resolving plaintiffs' claim or, in the alternative, that the Court should accept additional evidence to ameliorate the effects of the procedural errors before applying the abuse of discretion standard.

In the Ninth Circuit, a review for abuse of discretion is informed by the specific circumstances of the case.

> A straightforward abuse of discretion analysis allows a court to tailor its review to all the circumstances before it. . . . The level of skepticism with which a court views a conflicted administrator's decision may be low if a structural conflict of interest is unaccompanied, for example, by any evidence of malice, of self-dealing, or of a parsimonious claims-granting history. A court may weigh a conflict more heavily if, for example, the administrator provides inconsistent reasons for denial . . . ; fails adequately to investigate a claim or ask the plaintiff for necessary evidence . . . ; fails to credit a claimant's reliable evidence . . . ; or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly or by making decisions against the weight of evidence in the record.

*Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967-69 (9th Cir. 2006) (internal citations omitted). When determining whether there was a conflict of interest and "the nature, extent, and effect on the decision-making process of any conflict of interest," the Court may consider evidence outside the administrative record. *Abatie*, 458 F.3d at 970.

In this case, plaintiffs argue that defendants' handling of their claim – from the loss of medical records to the incomplete statement of reasons for the denial to the failure to fully investigate the licensure issue – all impacted the administrative review in various ways. Although procedural irregularities do not ordinarily alter the standard of review, if the

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
23
25
26
27
28

"administrator's actions fall so far outside the strictures of ERISA that it cannot be said that the administrator exercised the discretion that ERISA and the ERISA plan grant, no deference is warranted." *Abatie*, 458 F.3d at 971-72. The Ninth Circuit has already determined that an administrator's last-minute reliance on a new ground for the denial of benefits, depriving the beneficiary of the opportunity to present relevant evidence in advance of the final decision, is not one of the "rare class of cases" where the administrator has acted in utter disregard of the underlying purpose of ERISA and the benefits plan, *Abatie*, 458 F.3d at 971-72, and plaintiffs do not argue that the loss of records or the failure to dig deeper into the Oregon licensing scheme is anything more than a procedural error in the processing of an ERISA claim. Where the procedural irregularities are part of the administrator's legitimate, if erroneous, exercise of discretion, the abuse of discretion standard still applies, but the court may take into consideration additional evidence to assess the effect of the error and recreate what the administrative record would have been had the correct procedure been used. *Abatie*, 458 F.3d at 973. The court then reconsiders the denial of benefits under the abuse of discretion standard once the plan participant has had the opportunity to complete the record. *Abatie*, 458 F.3d at 973 (adopting the Sixth Circuit analysis in *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992).

In light of the final justification for the denial of plaintiffs' claim, the individual therapy notes showing that J.G. received mental health treatment while at Evoke at Cascades and the declaration of Harry Gilmore are relevant and have been considered. The claim was denied

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 5

because the treatment was rendered by a non-licensed provider. The submissions go to the issues of whether mental health treatment was provided and whether Evoke at Cascades is an appropriately-licensed mental health treatment facility.

The other two procedural irregularities identified by plaintiffs are even more consequential: that plaintiffs were forced to guess which parts of the mental health treatment coverage provisions and exclusions were the sticking point led them to focus their second-level appeal on terms and provisions that were not actually of concern. Instead of explaining how Oregon's licensing scheme works, plaintiffs focused their arguments on the plan's definition of "provider," pointed out that Evoke at Cascades is not an educational facility, and relied on the fact that Evoke at Cascades is licensed by the State of Oregon to offer mental health treatment in an outdoor setting. Dkt. # 23-3 at 80-81. They had no chance to counter defendants' ultimate finding that the license the facility undisputedly holds is insufficient to trigger coverage. When determining whether the administrator abused its discretion, the Court will therefore consider the extra-record arguments and evidence submitted by plaintiffs.

**C. Coverage Determination**

Evoke at Cascades is licensed by the Oregon Department of Human Services Office of Licensing and Regulatory Oversight to provide services to youth with mental health problems in an outdoor setting. Although defendants quote an exception for unlicensed or uncertified providers a number of times in their memoranda and denial letters, they do not actually argue that Evoke at Cascades is not licensed or does not meet the licensing requirements for the mental

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 6

health services it provided to J.G. The exclusion for "[s]ervices received from a provider that does not meet the licensing (or certification, as applicable) requirements of a provider of the specific service" is therefore inapplicable.

The thrust of defendants' argument is that Evoke at Cascades' license was granted by the wrong state agency. The plan "covers mental health treatment" provided by "any licensed . . . treatment facility (as determined by the state agency that licenses mental health and/or substance use disorder treatment facilities)." Defendant argues that the plan covers only facilities that are licensed as a mental health treatment facility. Dkt. # 24 R 13; Dkt. # 34 at 3. But that is not what the plan says. Rather, the plan covers mental health treatment provided by a facility that is licensed by "the state agency that licenses mental health . . . treatment facilities." It is undisputed that Evoke at Cascades is a facility that provided mental health treatment to J.G.[4] It is also undisputed that Evoke at Cascades is licensed by a state agency. The question, then, is whether that agency is one that licenses mental health treatment facilities.

The record, as supplemented, shows that the Oregon Department of Human Services licenses mental health treatment facilities. While it is not the sole state agency operating in this arena, it granted a license to Evoke at Cascades that encompasses the group and individual

---

[4] Defendants denied plaintiffs' claim because Evoke at Cascades did not have a license to provide mental health treatment. It did not assert that the group, individual, and milieu therapy which J.G. received did not qualify as mental health treatment, and for good reason: Oregon law defines treatment as "a planned, individualized program of medical, psychological or rehabilitative procedures, experiences and activities designed to relieve or minimize mental, emotional, physical or other symptoms . . . resulting from or related to the mental or emotional disturbance." ORS 443.400(14).

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 7

mental health treatments at issue in this litigation. The agency's Licensing Coordinator Manager states that the Department of Human Services licenses residential treatment options that meet the criteria for a child-caring agency. Dkt. # 31 at ¶¶ 3-4. Thus, some mental health treatment options are licensed by the Oregon Health Authority while others are licensed by the Department of Human Services. Defendants' presumption that there is only one type of mental health treatment facility in Oregon is unsupported and, once the record is completed, is actually contradicted. Nor does the language of the plan support defendants' assertions that the license at issue must be specifically for providing mental health treatment or that it must be issued by the state agency that licenses psychiatric residential treatment facilities.

"Under the abuse of discretion standard of review, 'the plan administrator's interpretation of the plan will not be disturbed if reasonable.'" *Day v. AT & T Disability Income Plan*, 698 F.3d 1091, 1096 (9th Cir. 2012) (quoting *Conkright v. Frommert*, 559 U.S. 506, 512 (2010)). Relying on an erroneous presumption regarding state agency power and/or construing the provisions of the plan in a way that conflicts with its plain language are not reasonable and constitute an abuse of discretion. *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005); *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 960-61 (9th Cir. 2001).

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 24) is DENIED and plaintiffs' cross-motion (Dkt. # 30) is GRANTED. The only justification offered

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 8

1   for the denial of benefits – that Evoke at Cascades was not a licensed provider -- was an abuse

2   of the administrator's discretion. Defendants are therefore ORDERED to pay the claims

3

4   associated with the services rendered by Evoke at Cascades.

5

6           Dated this 23rd day of January, 2023.

7

8                                               Robert S. Lasnik

9                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

23

25

26

27

28

ORDER GRANTING PLAINTIFFS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 9